**YAN YUN DONG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–1960–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Vlad Kuzmin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Yun Dong, a native and citizen of the People's Republic of China, seeks review of a March 26, 2008 order of the BIA denying her motion to reopen. *In re Yan Yun Dong,* No. A073 077 814 (B.I.A. Mar. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Dong's untimely and number-barred motion to reopen.

Dong argues that the BIA erred in finding that she failed to demonstrate material

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

changed country conditions where it failed to adequately consider the evidence that she submitted in support of her motion. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, the BIA explicitly considered Dong's particularized evidence and reasonably found that the village notices did not indicate that she would be subject to sterilization by force, *see Jian Hui Shao,* 546 F.3d at 172, and that the letter from her sister did not reference the treatment of individuals similarly situated to Dong, *i.e.,* Chinese nationals with U.S. citizen children, *see id.* at 160–61.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former